

**Dated: September 24, 2018**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KHRISHNA KUMAR AGRAWAL, | ) | Case No. 16-11253-JDL |
| | ) | Involuntary Chapter 7 |
| Debtor. | ) | |
| | ) | |
| CO&G PRODUCTION GROUP, LLC, | ) | |
| and SPOON RESOURCES, LLC., | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary No. 18-1005-JDL |
| | ) | |
| v. | ) | |
| | ) | |
| KHRISHNA KUMAR AGRAWAL, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION TO RECONSIDER[1]

---

[1] The Motion to Reconsider filed by the Debtor/Defendant under consideration by the Court was filed in the above Adversary Proceeding [Adv. No.18-1005]. The Motion to Reconsider consists of challenges to three different orders of the Court. Two of those Orders were entered in the Adversary Proceeding. One Order, the *Order Denying Motion to File Documents Under Seal* [Doc. 273] was entered in the lead case, Case No. 16-11253. A copy of this *Order Denying Motion to Reconsider* will therefore be filed in both the lead case and the adversary case.

Before the Court for consideration is Defendant Agrawal*'s Motion to Reconsider the Following Orders Due to Legal Errors By Misreading of Request to Submit Injury Documents Under Seal and Strike All Motions of CO&G Production Group, LLC and Spoon Resources, LLC. Who Were Not Business Entities Or Did Not Have Legal Standing In This Case To File Anything and To Dismiss Involuntary Bankruptcy & Notice of Opportunity for Hearing* (sic) filed on August 21, 2018 (the "Motion to Reconsider") [Adv., Doc. 32]. The Motion to Reconsider moves the Court to reconsider three Orders "*found* on August 19, 2018." (Emphasis supplied). The Motion does not make reference to either the date the Orders were entered or the document number by which they are identified on the Docket Sheet. From the Motion to Reconsider itself the Court discerns that the three Orders which Agrawal seeks to have the Court reconsider are identified below, and the Court addresses the challenge to each of these Orders as follows:

1. **The *Order Denying Motion to File Documents Under Seal* entered on August 10, 2018 [Case No. 16-11253, Doc. 273].** The Order was entered upon *Agrawal's Motion to Submit Injury Record to Show Paralyzed State of Agrawal Under Seal* (the "Motion to Seal") [Case No. 16-11253, Doc. 272].[2] In his Motion to Seal, Agrawal stated that he wished to submit the photographs "to prove him (Plaintiff's counsel) wrong by submitting many photographs taken by others and rehabilitation." The Motion to Seal apparently was in response to Plaintiff's assertion that Agrawal had not sustained sufficiently serious injuries in his May, 16, 2018, automobile accident to have prevented him from timely filing pleadings in this case.

---

[2] The Motion to Seal was also entitled *Motion to Submit Injury Photos Under Seal for Viewing by the Court* on page 2 of the document. [Case No. 16-11253, Doc. 272, pg.2].

2

Having submitted photographs to the Court, and as the party moving for sealing them, it was incumbent on Agrawal to show "some significant interest that outweighs the presumption" in favor of open access to judicial records.  *United States v. Pickard*, 733 F.3d 1297, 1301 (10th Cir. 2013); *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey,* 663 F.3d 1124, 1135 (10th Cir. 2011) (it was incumbent upon the party seeking to seal records to "overcome a presumption, long supported by the courts, that the public has a common-law right of access to judicial records.").  The basis of the Court's Order was that as a matter of law Agrawal had not alleged facts sufficient to meet his burden to overcome that strong presumption.  If Agrawal didn't want the photographs made part of the public record he shouldn't have submitted them to the court.  Having made the decision to have the Court consider them, he has to bear the consequences of applicable law.

While Agrawal's Motion to Seal pertained only to photographs, the present Motion to Reconsider also challenges the accuracy of the hospital Discharge Summary submitted by Plaintiffs in support of its contention that Agrawal had not sustained any debilitating injury preventing him from timely defending this adversary.  Agrawal alleges that the Discharge Summary does not indicate paralysis or any other serious injury because the doctors, nurses and staff did not know the severity of the injury because "no one looked", and furthermore "[m]any doctors kill the patient because they do not fully understand what they are doing or to do, just like lawyers who are special because the Courts will protect them for their egregious and heinous acts of violence upon the courts, like in this case." [Adv., Doc 32 ¶, pg. 2].  The sealing of the photographs, not the Discharge Summary, was the subject of Agrawal's Motion to Seal.

In other pleadings, not the Motion to Seal, Agrawal had asserted that Plaintiff's

3

counsel violated the privacy rules applicable to protected health information under HIPAA[3] by filing a copy of the Discharge Summary.  In a footnote to its Order, the Court stated that the privacy provisions of HIPAA were not applicable, and even if they were Agrawal's submission of the Discharge Summary in the Tenth Circuit would have waived Plaintiff's use of that medical record.  The footnote was *dicta* and not necessary to the Court's ruling on sealing the photographs.  Apparently, in response to the Court commenting that any privacy rights regarding medical information was waived, in his Motion to Reconsider Agrawal alleges his filing of the Discharge in the Tenth Circuit was to show his "state of mind due to brain injury, and the inability to see the papers or inability to retrieve papers from mail caused that motion to be filed."  Again, *he* places at issue his medical condition.  Whether the photographs of his injuries are admissible has not been decided.  All that the Court decided was that they are not subject to being sealed.  That decision is reaffirmed.

For the above reasons, and for the reasons stated in its *Order Denying Motion to File Documents Under Seal* which are incorporated herein by reference, Agrawal's Motion to Reconsider that Order is denied.

**2. The *Order Granting Motion to Strike Debtor's "Second Amended Answer"*** entered on August 10, 2018. [Adv., Doc. 24 ].  This Order relates to the Plaintiff's Motion to Strike Defendants "Second Amended Answer" filed on July 16, 2018 [Adv., Doc. 16] which sought to have the Court strike Agrawal's "Second Amended Answer" on the basis that: (1) the Answer was filed out of time without leave of court on July 13, 2018 [Adv., Doc. 11] after the Court Clerk had entered a Certificate of Default on June 21, 2018 [Adv.,

---

[3] The Health Insurance Portability and Accountability Act of 1996.

4

Doc. 9]; and (2) while purporting to be an Answer, the pleading did not "state in short and plain terms its defenses to each claim asserted against it" in violation of Fed.R.Bankr.P. 7008.[4] Agrawal did not file an objection or otherwise respond to Plaintiff's Motion to Strike. The grounds for Plaintiff's Motion to Strike as set forth therein and incorporated into the Court's Order granting the Motion were supported by the facts and the law and are reaffirmed.

First, Agrawal's filing of his "Second Amended Answer" was untimely. On February 26, 2018, Agrawal responded to the First Amended Complaint by filing his *Motion to Dismiss Due to Fraud of Petitioning Creditors and Jeffrey Tate Requiring his Disbarment and Motion for Summary Judgment* (the "Motion to Dismiss") [Adv., Doc. 5]. On February 28, 2018, the Court entered its Order Striking Motion which struck Agrawal's Motion to Dismiss because it did not comply with the Local Rules in that (1) it contained multiple claims for relief in violation of Local Rule ("LR") 9013-1(B); (2) failed to include the proper Notice of Opportunity for Hearing in violation of LR 9013-1(G); and (3) failed to comply with LR 7056-1(B) which, in pertinent part, requires that a "motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which movant contends no genuine issue exists" and "each fact shall be stated in a separately numbered paragraph and shall refer with particularity to those portions of the affidavits, discovery materials, documents, or other parts of the record before the Court upon which the movant relies." [Adv., Doc. 6]. The Order Striking the Motion to Dismiss also reminded Agrawal

---

[4]. All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

that he had "been previously admonished on numerous occasions that if he were to continue to represent himself *pro se,* he was to follow the proper procedure required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Western District of Oklahoma." [*Id.*]. [5]

The Order Striking Motion to Dismiss did not contain a date by which Agrawal's answer was due; accordingly, pursuant to Rule 7012(a)(4) an answer would be due within fourteen (14) days after the notice of the court's action.[6] The Bankruptcy Noticing Center Certificate of Mailing filed in the case reflects that a copy of the Order on the Motion to Dismiss Adversary Proceeding was mailed by first-class to mail to Agrawal at 4133 N Lincoln Blvd., Oklahoma City, Oklahoma 73105 on March 2, 2018. [Adv., Doc. 3]. Allowing three days for service by mail pursuant to Rule 9006(f), Agrawal's answer was due to be filed on or before March 19, 2018.  Agrawal did not obtain leave of the court to file out of time his "Second Amended Answer" as required by Rule 9006(b)(1).  The Second

---

[5]The Order further warned Agrawal that his "actions in continuing to ignore the admonitions of the Court will result in sanctions as are appropriate to enforce or implement court orders or rules, or to prevent any further abuse of process."  While *pro se* litigants would normally be accorded more latitude than that accorded attorneys, Agrawal is not the normal *pro se* litigant.  He has been involved in no less than 100 pieces of *pro se* litigation over the years.  In this Court he has made such a habit of flaunting the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules to the extent that he has been admonished by this Court numerous times to follow the Rules and has had more than a dozen motions and other pleadings stricken as a result of his noncompliance.  See e.g. Case No. 16-11253, Doc's. 87, 139, 151,158, 196, 197, 214, 224 and 226.

[6] Rule 7012(a)(4) providing: "*Effect of a Motion*.  Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice and a court's action; ***"

Amended Answer was filed on July 13, 2018, 108 days out of time.[7] It was correctly stricken by the Court.

Second, Agrawal failed to file an objection or other response to the Plaintiff's Motion to Strike within the fourteen (14) days of the date of service as required by the Notice of Opportunity for Hearing contained in the Motion to Strike in compliance with LR 9013-1(D). The failure to respond to a request for relief, here the Motion to Strike, within the applicable response time may be deemed confessed. LR 9013-1(E). Even though the Motion may be deemed confessed, the Court reviewed the Motion to Strike on all grounds stated therein and independently found that it should granted on its merits.

Third, Plaintiff's Motion to Strike alleged that the "Second Amended Answer" did not meet the requisite specificity required by an answer under Rule 7008(b)(1) that "a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." The Plaintiff's First Amended Complaint seeking to deny Agrawal 's dischargeability of the debt owed it as well as the right to a discharge under 11 U.S.C. §§ 523 and 727 is twenty-three (23) pages in length and consists of ninety-five (95) paragraphs. Agrawal's Second Amended Answer, with exhibits, is one hundred-one (101) pages in length. It only makes a passing reference to the issues raised by Plaintiff's Complaint for non-dischargeability and objecting

---

[7] On July 6, 2018, Agrawal filed a pleading entitled "Jurisdiction and Venue and Notice of Opportunity for Hearing" [Adv., Doc. 10]. In it he claimed that he had never received notice of the Court's Order Striking Motion to Dismiss which it had entered back on February 28, 2018, and which was mailed to him by the Bankruptcy Noticing Center until it was brought to his attention on the date he filed that pleading, July 6, 2018. In the pleading Agrawal stated that he "now seeks permission to file late answer to the claim of CO&G, et al." and "intends to supplement his answer within five days." He, of course, never obtained leave ("permission") of court.

to his discharge: "There is no consent to non-dischargeability, 28 USC (sic) sec 157 (C)" and "[t]here is no reason that the discharge should not have been granted with 180 days." [Adv., Doc. 11, pg. 2, ¶ ¶ 3 and 4]. The Court need not decide the issue as to whether or not Agrawal's above quoted brief reference to non-dischargeability or discharge constitutes a sufficient "general denial" permitted under Rule 7008(b)(3). The Court has already found, and reaffirms by this Order, that the Plaintiff's Motion to Strike was correctly sustained by Agrawal's failure to obtain leave of court to file the Second Amended Answer and failing to timely respond to the Motion to Strike itself.

3. **The *Order Granting Amended Motion to Strike Debtor's Motion to Dismiss Complaint*** entered August 10, 2018, [Adv., Doc. 25] striking Defendant's *Second, Amended Answer, and Motion to Dismiss the Complaint Due to Fraud of Petitioning Creditors and No Judgment.* [Adv.,Doc 12].[8] This Amended Motion to Strike filed by the Plaintiffs [Adv., Doc. 19] sought to strike Agrawal's Motion to Dismiss which was included in the same pleading which bore the title "Second Amended Answer.[9] The basis of the Plaintiff's Motion Strike was that Agrawal's Motion to Dismiss was filed untimely without

---

[8] The full title of the pleading is: "*Second, Amended Answer, and Motion to Dismiss the Complaint Due to Fraud of Petitioning Creditors and No Judgment. Both Petitioning Creditors Had No Cause of Action and No Debt. Eric. Stall CO&G Production Group, LLC obtained a Elleven Million Dollars Judgment by Fraud Upon Court in the Absence of Agrwal and Without Notice to Him. Honorable Carlos Chappelle Admitted to His Violation of Agrawal's Due Process Rights and His Bias When He Instantly Disqualified Himself. CO&G Lawyer, Eric Stall Lied to Judge, Mark Barcus, Even Though He Had Received Answers to Discovery Requests. Gregory Williams Was Bribed by Jerry Parent With Money From Ron Walker To Sign A Contrcat of Sale. He was Booted Out By The Judges, Last One Being on December 30, 2015.*"

[9] Although the Motion to Dismiss and the Second Amended Answer are part of the same pleading (see footnote 5 above), apparently the Court Clerk took duplicate copies of the pleading and docketed one as the "Second Amended Answer" [Adv.,Doc. 11] the second copy as a Motion to Dismiss [Adv., Doc. 12].

leave of court, failed to contain the words "Notice of Opportunity For Hearing" in the title of the motion as required by LR 9013-1(G), contained multiple requests for relief in violation of LR 9013-1(B) and was in excess of twenty (20) page limit under LR 9013-1(C) without having first obtained leave court to do so. Additionally, as noted in the Court's Order sustaining the Plaintiff's Motion to Strike [Adv., Doc. 25], Agrawal failed to respond to the Motion within the fourteen days required by Local Rule.

Each of the above grounds asserted by the Plaintiffs in their Amended Motion to Strike, as well as Agrawal's failure to timely respond to the most Motion itself, individually and certainly collectively constituted grounds upon which the Court properly granted Plaintiff's Amended Motion to Dismiss. Accordingly, Agrawal's Motion to Reconsider the Court's Order is denied.

**IT IS THEREFORE ORDERED** that Debtor/Defendant Agrawal's Motion to Reconsider [Adv., Doc. 32] be and the same is hereby **Denied** in all respects.

# # #